UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| Plaintiff, | * | NO. |
| VERSUS | * | SECTION |
| AUDUBON CAPITAL SBIC, L.P. | * | |
| Defendant. | * | |

**********************************************

## COMPLAINT

**NOW INTO COURT**, through the undersigned Assistant United States Attorney, comes the Plaintiff, the United States of America, on behalf of the U.S. Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the U. S. Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

2. Defendant, Audubon Capital SBIC, L.P. ("Audubon" or "Fund") is a Delaware limited partnership that maintains its principal place of business at 217 N. Columbia Street, Covington, Louisiana. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

**Statutory and Regulatory Framework**

3. Audubon was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on or about February 9, 2000 under SBIC License No. 06/06-0318 solely to do business under the provisions of the Act and the regulations promulgated thereunder.

4. Audubon's general partner is Audubon SBIC Partners, LLC, which is also located in Covington, Louisiana.

5. Section 8(a) of Audubon's SBIC License Application contains an acknowledgement by Audubon that it would operate in accordance with the Regulations and the Act at all times. Section 1.7 of Audubon's January 14, 2000 Agreement of Limited Partnership Agreement states that, in the event Audubon was licensed by the SBA as an SBIC, Audubon's sole purpose would be to operate as a small business investment company under the SBIC Act.

6. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers the SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

8. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided Leverage to Audubon through the purchase and/or guaranty of Debentures, a form of Leverage, as those terms are defined under the Regulations. Currently, Audubon has $14,600,000 in outstanding Debenture Leverage, plus $719,534.25 in accrued interest through March 15, 2013 with a per diem rate of $1,884.41 and $126,830.00 in SBA annual leverage fees, pursuant to 13 C.F.R.

§107.1130(d), for the periods September 1, 2012 and March 1, 2013, for a total outstanding amount of $15,446,364.25.

9. The Debentures referenced in paragraph 8, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. §§107.1810 and 1830, as well as 13 C.F.R. §107.507.

10. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Audubon may be forfeited.

11. Section 311 of the Act, 15 U.S.C. §687c, provides that, if the SBA determines that a Licensee, like Audubon, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then the SBA may apply to the federal district court in the jurisdiction in which the SBIC is located for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in, or is about to engage in, any such acts or practices. The Court is then authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE - DEFAULT

12. On or about September 4, 2002, Audubon issued Debenture No. 02000760 in the amount of $1.25 million that was guaranteed by SBA. The Debenture has a stated maturity date of September 1, 2012.

13. Audubon failed to repay the full amount of principal and interest due under Debenture No. 02000760 at maturity.

14. As a consequence of its failure to repay Debenture No. 02000760, Audubon is in default of the terms of its Leverage under 13 C.F.R. §107.1810 (f)(3)(2012), *Events of Default With Opportunity to Cure*.

15. By letter dated October 31, 2012, and in accordance with 13 C.F.R. §107.1810(g)(2)(i), *SBA Remedies for Events of Default with Opportunity to Cure*, SBA notified Audubon of its default and gave Audubon fifteen (15) days from the date of the letter to cure its default under Debenture No. 02000760.

16. Audubon has failed to cure its default under Debenture No. 02000760 and has failed to remit payment on the Debenture to date.

17. As a consequence of Audubon's failure to cure its default in violation of 13 C.F.R. §§107.1810 (f)(3), (g)(1)(2), of the Regulations, SBA is entitled to its appointment as the liquidating receiver of Audubon Capital SBIC, L.P. in accordance with 15 U.S.C. 687c.

## COUNT TWO - CAPITAL IMPAIRMENT

18. Section §107.1830(c) of the Regulations requires that Audubon not have a condition of Capital Impairment of greater than 40% (forty percent) as defined under the Regulations.

19. Based on Audubon's Statement of Financial Condition (SBA Form 468) for the period March 31, 2012 as well as a decline in asset value during the third quarter of 2012, by letter dated August 23, 2012 SBA notified Audubon that it had a condition of Capital Impairment, as Audubon's Capital Impairment percentage was 94%, greater than the 40% allowed under the Regulations.

20. By letter dated August 23, 2012, SBA notified Audubon of the regulatory violation and instructed Audubon to cure the violations within 15 (fifteen) days of the date of the letter.

21. Audubon failed to cure its condition of capital impairment. Consequently, on or about September 17, 2012, Audubon was transferred to SBA's Office of Liquidation.

22. By letter dated October 31, 2012, SBA informed Audubon of the transfer to liquidation and also informed Audubon that it was in violation of 13 C.F.R. §107.1810(f)(5) due to its excessive capital impairment ratio.

23. To date, Audubon has not cured its condition of Capital Impairment and remains in violation of 13 C.F.R. §§107.1810(f)(5), 107.1830 with a capital impairment percentage of 105% as of September 30, 2012.

24. As a consequence of Audubon's condition of capital impairment, and in accordance with 15 U.S.C. 687c, SBA should be appointed as the liquidating receiver of Audubon Capital SBIC, L.P.

## COUNT THREE - DEFAULT

25. By letter dated October 31, 2012, and in accordance with 13 C.F.R. §107.1810(g)(1), (2), SBA notified Audubon that, due its failure to comply with SBA's letter of August 23, 2012, Audubon's Debentures had been accelerated and that payment in full of the Debentures, consisting of $14,600,000 in principal plus $658,865.43 in accrued interest as of October 17, 2012 with a per diem rate of $1,884.41, was due fifteen (15) days from the date of the letter.

26. To date, Audubon has failed to repay the Debentures. Currently there remains $14,600,000 in outstanding Debenture Leverage, plus $719,534.25 in accrued interest through

March 15, 2013 with a per diem rate of $1,884.41 and $126,830.00 in SBA annual leverage fees, pursuant to 13 C.F.R. §107.1130(d), for the periods September 1, 2012 and March 1, 2013, for a total outstanding amount of $15,446,364.25.

27. As a consequence of Audubon's default on the repayment of its Debentures in violation of 13 C.F.R. §107.1810(f)(3); g(1),(2), SBA is entitled to appointment as the liquidating receiver of Audubon Capital SBIC, L.P. in accordance with 15 U.S.C. 687c.

## COUNT IV – PORTFOLIO DIVERSIFICATION VIOLATION

28. By letter dated August 23, 2012, SBA informed Audubon that it had violated 13 C.F.R. §107.740(a), *Portfolio Diversification ("overline" limitation)*, as a consequence of various investments made by Audubon a small business concern ("SBC") of Audubon's.

29. In the August 23, 2012 letter, SBA informed Audubon that the total of its investments in the SBC was 33.3% of its Regulatory Capital, as that terms is defined at 13 C.F.R. §107.50, although the maximum percentage allowed under 13 C.F.R. §107.740(a) was 30%. SBA further reiterated that, since June, 2011, Audubon repeatedly violated the overline regulation and had failed to cure the violation, either by increasing its Regulatory Capital or decreasing its investment amount in the SBC.

30. By letter dated October 31, 2012, SBA reiterated that the overline violation continued.

31. To date, Audubon has failed to cure its overline violation

32. As a consequence of Audubon's violation of 13 C.F.R. §107.740, SBA is entitled to the injunctive relief provided under 15 U.S.C. §687(d) and 687c, including the appointment of SBA as liquidating Receiver of Audubon.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A.  That injunctive relief, both preliminary and permanent in nature, be granted restraining Audubon, its managers, general partner, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of any assets of the Fund; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any assets of the Fund, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B.  That this Court determine and adjudicate Audubon's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.  That this Court, pursuant to 15 U.S.C. §687c, enter an Order and (1) take exclusive jurisdiction of Audubon and all of its assets, wherever located, (2) appoint SBA as receiver of Audubon for the purpose of marshaling and liquidating the assets of Audubon, satisfying the claims of creditors as determined by the Court; and (3) grant such other relief as appropriate under the Act and Regulations.

D.  That this Court render Judgment in favor of SBA and against Audubon in the amount of $15,446,364.26 consisting of (a)$14,600,000 in principal, (b) $719,534.25 in accrued interest through March 15, 2013 with a per diem rate of $1,884.41 through the date of judgment and (c) $126,830.00 in SBA annual leverage fees plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered;

E.  That this Court grant such other relief it deems just and proper.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY


/S/ JASON M. BIGELOW_____
JASON M. BIGELOW (29761)
Assistant United States Attorney
650 Poydras Street, 16th Floor
New Orleans, Louisiana 70130
Telephone:  (504) 680-3025
Fax: (504) 680-3174
Email: jason.bigelow@usdoj.gov


OF COUNSEL:

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, SW, Seventh Floor
Washington, D.C. 20416
T. 202.205.6976
F. 202.481.0324
Email: arlene.embrey@sba.gov


**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties by ECF, facsimile, or mailing the same to each, properly addressed and postage prepaid this 1st day of April, 2013.

S/ JASON M. BIGELOW_____
JASON M. BIGELOW
Assistant United States Attorney