UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                      NO. 13-589

AUDUBON CAPITAL SBIC, L.P.                  SECTION "F"


ORDER AND REASONS

Before the Court is Audubon Capital SBIC, L.P.'s motion to dismiss as premature, or, alternatively, to continue the United States' motion for a permanent injunction and the appointment of a receiver.  For the reasons that follow, the motion is DENIED.

Background

This case arises out of a bank's alleged failure to comply with the requirements of the Small Business Investment Act.

Audubon Capital SBIC, L.P., is a Delaware limited partnership that maintains its principal place of business in Covington, Louisiana.  In February 2000, Audubon was licensed by the Small Business Administration under 15 U.S.C. § 681(c) to operate as a Small Business Investment Company, in accordance with the Small Business Investment Act, 15 U.S.C. § 661, and regulations promulgated thereunder.  The Act was passed for the purpose of making loans available to those engaged in relatively small businesses who cannot get credit for business loans.  The role of a licensed SBIC is to provide federal funds to those

1

small businesses who qualify under the Act.

The SBA provided more than $14,000,000 in financing to Audubon through the purchase and guarantee of debentures. Consistent with the purposes of the Act, Audubon invested in a series of small business companies; however, complications soon arose.

On August 23, 2012, the SBA notified Audubon of its capital impairment condition and portfolio diversification violation. Under federal regulations, an institution like Audubon is considered to have a capital impairment condition if its capital impairment percentage is greater than 40%. Audubon's capital impairment percentage was 94%, obviously far greater than the 40% allowed by law. The SBA also notified Audubon that it had made an unapproved "overline investment" by investing 33% of its regulatory capital in one of its companies, which is greater than the 30% maximum percentage permitted under federal regulations. Audubon was instructed to cure such violations within fifteen days from the date of the letter, which Audubon failed to do.

Around the same time, on October 31, 2012, the SBA sent another letter to Audubon regarding a $1,250,000 debenture that Audubon had issued on September 4, 2002 and the SBA had guaranteed.[1]  The debenture had a maturity date of September 1, 2012, but Audubon failed to repay at maturity.  The SBA notified

---

[1]  The debenture in question is number 02000760.

2

Audubon of its default, giving Audubon fifteen days from the date of the letter to cure the violation.  Audubon, again, failed to do so.

The October 31, 2012 letter also stated that the SBA was accelerating all of Audubon's debentures because of Audubon's failure to comply with the SBA's August 23, 2012 letter.  As a result, Audubon had fifteen days from the date of the letter to pay $14,600,000 in principal, plus $658,865.43 in accrued interest, with a per diem rate of $1,884.41.  To date, Audubon has failed to repay the debentures, and there remains $14,600,000 in outstanding debenture leverage, $719,534.25 in accrued interest,[2] and $126,830 in SBA annual leverage fees.  In sum, Audubon owes the SBA $15,446,364.26, and, as a result, Audubon was transferred to the SBA's Office of Liquidation.

On April 1, 2013, the United States on behalf of the SBA sued Audubon in this Court, requesting the Court to (1) permanently enjoin Audubon from further violating the Act and its regulations; (2) take exclusive jurisdiction of Audubon and all of its assets; (3) permanently enjoin Audubon and, among others, its past and present partners, officers, directors, agents, employees, managers, and creditors from encumbering, conveying, disposing, levying, executing, or in any other manner dealing with any of the assets of Audubon; (4) appoint the SBA as

---

[2]  This was the amount of accrued interest as of March 15, 2013.

3

permanent receiver of Audubon; and (5) grant judgment in favor of the SBA and against Audubon in the amount of $15,446,364.26. Reiterating these same requests, the United States applied for a permanent injunction and the appointment of a receiver on May 7, 2013. Audubon now moves to dismiss as premature, or, alternatively, to continue the United States' motion for a permanent injunction and the appointment of a receiver.

## I. Discussion

Audubon contends that the United States' motion for a permanent injunction and the appointment of a receiver should be dismissed as premature or continued. The Court cannot agree.[3]

### A.

As a SBA license holder, Audubon agreed to submit itself to all of the terms and conditions prescribed by the Act, including the provisions relating to the injunctions and receivers. Section 687c(a) of the Act states:

> ***Whenever, in the judgment of the Administration, a licensee*** or any other person ***has engaged*** . . . . ***in any acts or practices which constitute*** . . . ***a violation of any provision of this chapter***, or of any rule or regulation under this chapter . . . ***the Administration may make application to the proper district court of the United States*** . . . ***for an order enjoining such acts or***

_____

[3] Because the only issue before the Court is whether the United States' motion should be dismissed as premature or continued, the Court does not address the *merits* of the United States' motion for injunctive relief and the appointment of a receiver, which is presently set for hearing in July.

4

> ***practices***, or for an order enforcing compliance with such
> provision, rule, regulation, or order, and such courts
> shall have jurisdiction of such actions and, ***upon a
> showing by the Administration that such licensee or other
> person has engaged or is about to engage in any such acts
> or practices, a permanent or temporary injunction,***
> restraining order, or other order, ***shall be granted
> without bond.***

15 U.S.C. § 687c(a) (emphasis added).  To seek a permanent
injunction under Section 687c(a), the United States must show
that Audubon has engaged or is about to engage in "practices
which constitute or will constitute a violation of the rules and
regulations" issued by the SBA pursuant to the Act.

In its motion, the United States has alleged (in alarming
detail) four specific violations:  (1) failure to cure default on
debenture number 02000760, in violation of 13 C.F.R. §§
107.1810(f)(3), (g)(1)(2); (2) failure to maintain a capital
impairment percentage less than 40%, in violation of 13 C.F.R. §
107.1810(f)(5); (3) failure to pay the accelerated indebtedness
to the SBA, in violation of 13 C.F.R. §§ 107.1810(f)(3),
(g)(1)(2); and (4) a portfolio diversification violation, in
violation of 13 C.F.R. § 107.740.  Notably, Audubon itself admits
to three of the four alleged violations in its answer, contesting
only the fourth violation because it claims to have cured the
portfolio diversification problem.  The fact that Audubon may
have corrected one of the alleged violations, however, does not
render the United States' motion premature.  Courts uniformly

agree that "an after-the-fact correction of a regulatory violation does not 'cure' it" for purposes of a Section 687c motion. United States v. Vanguard Inv. Co. (Vanguard II), 694 F. Supp. 1219, 1225 (M.D.N.C. 1988); see also United States v. Trusty Capital, Inc., No. 06-8170, 2007 WL 44015, at *4 (S.D.N.Y. Jan. 5, 2007); United States v. Coleman Capital Corp., 295 F. Supp. 1016, 1020 (N.D. Ill. 1969) ("The defendant's interpretation of the statute . . . would permit a licensee to disregard the Act and the regulations with impunity, so long as violations are 'cured' by the time the S.B.A. discovers them."). The Court may, however, take Audubon's cure into consideration for purposes of deciding whether to grant the appointment of a receiver (which the Court understands is not a mandatory form of relief), but it does not affect the ripeness of the government's application.  Because the United States is only required under Section 687c(a) to show that the defendant was engaged in acts or practices which constitute a violation of the Act, and it is undisputed that Audubon committed such violations here, the Court finds that the government has not acted prematurely.

*B.*

Audubon also asserts that a permanent injunction requires a trial on the merits and, therefore, the motion's hearing date must be continued so that discovery can be conducted.  Audubon is misguided:  Section 687c of the Act displaces the ordinary

requirements for equitable relief, including the showing of
irreparable harm.  See, e.g., First La. Inv. Corp. v. United
States, 351 F.2d 495, 498 (5th Cir. 1965); United States v.
Vanguard Inv. Corp. (Vanguard I), 667 F. Supp. 257, 261 (M.D.N.C.
1987), aff'd, 907 F.2d 4369 (4th Cir. 1990); United States v.
Novus Ventures II, L.P., No. 12-523, 2012 WL 3257524, at *4 (N.D.
Cal. Aug. 8, 2012); Trusty Capital, 2007 WL 44015, at *3; United
States v. Marathon Inv. Partners, LP, 399 F. Supp. 2d 1, 3 n.1
(D. Mass. 2005).  Further, a Section 687c request for injunctive
relief and the appointment of a receiver does not require a trial
on the merits.  In fact, such motions are often decided on the
briefs or with oral argument.  See, e.g., Marathon, 399 F. Supp.
2d at 2 ("To address the issue of receivership, the Court
instructed the parties to provide written analysis as to how each
party would proceed to cure [the SBIC's] capital impairment for
the benefit of all interested parties. . . . Upon review of the
parties Proposed Orders, I find the SBA's arguments to be sound,
and thus, conclude that the SBA should be appointed receiver of
the [the SBIC]. . . . Accordingly, plaintiff's motion for
injunctive relief and appointment of receiver is GRANTED."); see
also Novus, 2012 WL 3257524, at *1 (noting that the government's
motion for injunctive relief was filed on April 12, 2012, and a
hearing on the motion was held on July 26, 2012); Trusty, 2007 WL
44015, at *2 (noting that the government's motion for injunctive

relief and the appointment of a receiver was filed on November 11, 2006, and the motion was granted less than two months later on January 5, 2007). Audubon fails to point to any precedent that supports its assertion that a trial or discovery is required, and the Court finds that the plain language of the statute and the case literature does not support Audubon's argument. Instead, Audubon belabors the fact that the appointment of a receivership is not automatic and mandatory, an assertion this Court is well aware of.

Accordingly, IT IS HEREBY ORDERED that Audubon's motion to dismiss, or, alternatively to continue the United States' motion is DENIED.

New Orleans, Louisiana, June 19, 2013

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE